IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| JOHN L. BUTLER, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 06-2245-B/P |
| WARDEN, FEDERAL CORRECTIONAL COMPLEX, FORREST CITY, | ) | |
| Respondent. | ) | |

_____

ORDER GRANTING MOTION TO TRANSFER HABEAS PETITION
AND
ORDER TRANSFERRING HABEAS PETITION
PURSUANT TO 28 U.S.C. § 2241(d)
_____

Petitioner, John L. Butler, Bureau of Prisons registration number 12790-076, filed this petition under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Memphis and paid the filing fee. Subsequently, Butler notified the Clerk of Court that he was transferred to the Federal Correctional Complex at Forrest City, Arkansas and filed a motion for transfer of the petition.

The proper respondent to a habeas petition is the Petitioner's custodian. The Clerk shall record the respondent as the Warden of the Federal Correctional Complex in Forrest City, Arkansas. The Clerk shall delete all references to Bruce Pearson as Respondent.

The law is clear that the proper venue for a § 2241 petition is the judicial district where Petitioner is confined or where his custodian is located. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 495-96 (1973); Roman v. Ashcroft, 340 F.3d 314, 318-20 (6th Cir. 2003); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located."); see also United States v. Griffith, No. 95-1748, 1996 WL 316504, at *2 (6th Cir. June 10, 1996) (to the extent prisoner's filing is construed as a § 2241 petition, "the Eastern District of Michigan is not the proper venue to file a § 2241 motion for one incarcerated in Lompoc, California"). Roman was superseded by the Supreme Court decision in Rumsfeld v. Padilla, 542 U.S. 426 (2004), which reaffirmed that the proper respondent to a petition for a writ of habeas corpus is the warden of the facility in which the petitioner is confined. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435. ("there is generally only one proper respondent to a given prisoner's habeas petition"). Accordingly, Petitioner's habeas petition must be filed in the

Eastern Division of the Eastern District of Arkansas because the Federal Correctional Complex in Forrest City is located in St. Francis County.  28 U.S.C. § 83(a)(1).

Therefore, under section 2241(d), the interests of justice require that this case be accepted for filing in this District, and then transferred to the Eastern Division of the Eastern District of Arkansas in Helena, Arkansas.  It is hereby ORDERED that the Clerk transfer this case to the United States District Court for the Eastern Division of the Eastern District of Arkansas, forthwith.

IT IS SO ORDERED this 7th day of May, 2007.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE